Murguia, Circuit Judge,
dissenting in part:
I disagree with the majority that the BIA correctly concluded, based on the adverse credibility determination, that Diaz-Martinez aided alien smuggling. No party, judge, or court—not the immigration judge, not the BIA, and not the government on appeal—has argued that the adverse credibility determination provided the basis for Diaz-Martinez’s conviction of aiding alien smuggling. The IJ never referenced the adverse credibility determination in its analysis of why Martinez aided alien smuggling; the BIA explicitly stated that the adverse credibility finding “is not essential to removability.” Because the agency never explicitly (or, in my view, implicitly) relied on the adverse credibility determination for its substantive finding that Diaz-Martinez aided alien smuggling, I would grant the petition. At the very least, we should have remanded this case to the BIA to address the significance, if any, of the adverse credibility determination.
The majority relies on Silva-Pereira v. Lynch, 827 F.3d 1176 (9th Cir. 2016), for its conclusion that substantial evidence supported the BIA’s adverse credibility determination.[1] Silva-Pereira at best stands for the simple notion that a pre-removal-proceeding lie can “support” an adverse credibility determination that already is supported by multiple inconsistencies in the petitioner’s asylum application and testimony before the IJ. Id. at 1185-87. In contrast to the petitioner in Silva-Pereira, here, the only basis for the adverse credibility determination is the fabricated story *868 Diaz-Martinez told immigration officials at secondary inspection. Diaz-Martinez never made an inconsistent or untrue statement in his filings or testimony before the IJ. The majority elevates Silva-Pereira to a status not envisioned by that case and with potentially dramatic unintended consequences.
I have little doubt that a proper adverse credibility determination could support the BIA’s decision in this case—if the BIA actually relied on the determination. But the BIA did not do so, and our job is not to supply the agency’s reasoning for it. In Altamirano v. Gonzales, we refused to consider BIA’s argument on appeal that the petitioner’s presence in the car provided an air of normalcy and therefore constituted an affirmative act constituting aiding alien smuggling, because “[t]his ... was not the basis for the IJ’s decision.” 427 F.3d 586, 595 (9th Cir. 2005). We explained that “[w]e ‘may not accept appellate counsel’s post hoc rationalizations for agency action; Chenery requires that an agency’s discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself.’ ” Id. (quoting Burlington Truck Lines Inc. v. United States, 371 U.S. 156, 168-69, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962)). Here, not only does the majority ignore the warning not to permit post hoc rationalizations for agency action, but the majority doubly errs by actually supplying the post hoc rationalization.
Based on Altamirano, I would grant the petition. At the very least, however, we should have taken a more cautious approach and remanded the case so that the agency can explain the significance, if any, of the adverse credibility determination. Because the majority decision allows for the removal of Diaz-Martinez based on reasoning that neither the IJ nor the BIA relied on, I must respectfully dissent.

. Neither party cited or briefed Silva-Pereira.